WOLF et al. v. HESS.

(Circuit Court, E. D. Arkansas, N. D. November 10, 1900.)

LIMITATIONS—EJECTMENT—ADVERSE POSSESSION.

Lands in Arkansas owned in common by partners, and held as a part of the partnership property, after the death of one of the partners, were attached and sold by creditors of the firm as the property of the survivor. The purchaser and his grantees took possession, and held the same openly and notoriously for more than 25 years before any claim was made on behalf of the heirs of the deceased partner, when an action of ejectment was brought by them to recover the land. One of the plaintiffs, who was a sister of the decedent, had been a married woman since a time prior to his death. *Held*, that the other plaintiffs, who were adults, were barred from any right of recovery by the seven-year statute of limitation of the state (Sand. & H. Dig. § 4815), but that under the saving clause in such statute the married woman plaintiff was entitled to recover her interest, with its rental value for three years prior to the commencement of the action, as damages; the recovery of previous rentals being barred by section 4822.

Action at Law in Ejectment, tried to the court without a jury, by stipulation.

Robert Neill and J. W. Butler, for plaintiffs.

Samuel M. Casey, for defendant.

ROGERS, District Judge. This case having been submitted to the court sitting as a jury, the jury having been waived by written stipulations signed by the parties and filed before the trial began, the plaintiffs being represented by Robert Neill and J. W. Butler, and the defendant by S. M. Casey, and the court, being now well and sufficiently advised, doth find the following facts: That Caroline Wolf and Alexander and Ben Adler are citizens of the city of St. Louis, in the state of Missouri, and Julius Siegel is a citizen and resident of the state of New York. That the defendant, Bink Hess, is a citizen and resident of the Northern division of the Eastern district of Arkansas. That on the 15th day of March, 1867, Israel H. Adler died unmarried, childless, and intestate, seised and possessed of an undivided one-half of certain lands hereinafter described, as tenant in common with one Aaron Hirsch, who owned the other undivided one-half of said lands. That the heirs at law of the said Israel Adler were his sister of whole blood, Caroline Wolf, née Adler, the wife of Abraham Wolf; Alexander Adler and Ben Adler, brothers of the said Israel Adler, of the whole blood; and Julius Siegel, who was a son of Mrs. Siegel, née Adler, whose Christian name was not proven, but who was a sister of the whole blood of the said Israel H. Adler; and Simon and Nathan Adler, brothers of the said Israel H. Adler, who are not parties to this suit. That the said Aaron Hirsch and Israel H. Adler, prior to the death of the latter, were, partners, doing business under the firm name of Hirsch & Adler, and held the lands in controversy as partnership property. That while said partnership existed it contracted debts to divers persons in large amounts, and after the death of said Israel H. Adler the holders of the said indebtedness brought suit in the Inde-

pendence circuit court for the state of Arkansas, and attached the property in controversy as the property of Aaron Hirsch. That judgment was recovered upon said partnership indebtedness, the attachment was sustained, the property in controversy sold to satisfy said partnership indebtedness, and a part of said property was bought in at the sheriff's sale by Thomas M. Hess, a brother of the defendant, and a part by Tom Cox, who immediately sold the same to the said Thomas M. Hess; the said Aaron Hirsch being at the time the said property was sold a nonresident of the state of Arkansas. That on the 3d of March, 1871, the said Thomas M. Hess sold all of said property acquired by him to the defendant, Bink Hess, for an adequate price, stated in the deed, and executed to him a warranty deed, in which the wife joined and released her dower, which was afterwards, on the 28th day of March, 1871, entered of record in the recorder's office of deeds in Independence county, Ark., the said lands at that time being in the county of Independence. That immediately upon the purchase of said lands by said Bink Hess he entered into the possession of the same, and has been in possession thereof, under said deed, ever since the 3d day of March, 1871, and has held actual possession of the same continuously, openly, visibly, notoriously, and adversely to all persons, claiming the same as his property, since March, 1871. That Simon Adler, one of the brothers of Israel H. Adler, some time about 1870, administered upon the estate of Israel H. Adler, and said estate was wound up in due course of administration, no claim being set up by him against the defendant for any interest in the lands in controversy. That the plaintiff Caroline Wolf was married to Abraham Wolf, in Germany, in 1852, and that she and her husband are both living. That when Bink Hess bought the lands in controversy there was in the neighborhood of 30 acres in cultivation. That since he has been in possession of it he has continued clearing, until for several years past there has been between 75 and 85 acres in cultivation. That the place is subject to overflow, which washes away the fences, and at times injures parts of the land and improves other parts of it. That Bink Hess made all the clearing above referred to, fenced the place, and has kept it in repairs, and has collected the rents, and appropriated the same to his own use, no claim ever having been made therefor to him prior to the institution of this suit.

On the above findings of fact, the court declares the law as follows: (1) That Alexander and Ben Adler and Julius Siegel are barred by the seven-year statute of limitations, and can take nothing by their suit. (2) That the plaintiff Caroline Wolf inherited from her deceased brother, Israel H. Adler, an equal undivided one-twelfth interest in the lands in controversy, and that, she being married, the statute of limitations has not run against her, and she is entitled to recover the same, which the court values at $250. (3) That the said Caroline Wolf is also entitled to recover an equal undivided one-half interest in the rents which have accrued since the 5th of November, 1897, down to the present time, for her damages, which the court finds amounts in the aggregate to the sum of $100, and that the three-year statute of limitations bars her from the right

to recover any rents prior to the said 5th day of November, 1897. (4) That the lands in controversy are described as follows: The N. W. fractional quarter (right bank of White river) of section 16, containing, according to the official plat, 85.02 acres; the N. E. ¼ of the S. W. ¼ of section 16 (right bank of White river), containing, according to the official plat, 72.16 acres,—all in township 13 N., range 8 W., the same being in the Northern division of the Eastern district of Arkansas.

It is therefore considered, ordered, and adjudged that the plaintiffs Alexander Adler, Ben Adler, and Julius Siegel take nothing by this suit. (2) That the said plaintiff Caroline Wolf have and recover of and from the defendant, Bink Hess, one equal undivided one-twelfth interest in the lands hereinbefore described, and that she have a writ of possession therefor. (3) That the said Caroline Wolf recover of and from the said Bink Hess the further sum of $100 for her damages, and that she have execution therefor. (4) That the parties plaintiff pay their own costs of this suit, including one-half of the stenographer's fee, taxed at $25.25; and that the defendant pay his own costs. To all of which findings of fact and all declarations of law and judgment of the court each of said plaintiffs severally, for himself, excepts, and the defendant likewise for himself excepts. It is further considered, ordered, and adjudged that each of the parties plaintiff and defendant have 90 days within which to prepare and file their bill of exceptions herein.